HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

ILYA GLUSHENKO,

              Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES
LLC, and EXPERIAN INFORMATION
SOLUTIONS, INC.,

              Defendants.

NO.  3:26-cv-05055-TMC

JOINT STATUS REPORT AND
DISCOVERY PLAN

## JOINT STATUS REPORT & DISCOVERY PLAN

Plaintiff ILYA GLUSHENKO ("Plaintiff") and Defendants EQUIFAX
INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,
("Defendants"), in compliance with the Court's February 25, 2026 Order (Dkt. 15), inform the
Court as follows:

**1.  Nature and complexity of the case.**

Plaintiffs' Statement: Plaintiff is a Washington consumer who obtained his Experian and
Equifax credit reports to find many accounts reporting that were not his. Plaintiff alleges
that defendants violated the Fair Credit Reporting Act by generating and publishing
credit reports to Plaintiff's current creditors and potential lenders including inaccurate

JOINT STATUS REPORT AND           1
DISCOVERY PLAN 3:26-cv-05055-TMC

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

and misleading information; more specifically accounts that did not belong to Plaintiff. Plaintiff alleges that Defendants did not maintain and/or follow reasonable credit reporting procedures. As a result of the action and inaction of Defendants, Plaintiff suffered emotional distress, anxiety, invasion of their privacy, higher rates for credit, credit denials, harm to his reputation and other harms and losses.

Defendant Experian's Statement:

Experian denies Plaintiff's claims.  This is a credit reporting case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").  Experian is a "consumer reporting agency" as that term is defined by the FCRA.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing information originated by others.  Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error-free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers and to conduct a reasonable investigation upon receipt of a dispute from a consumer.

In the instant case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit reports.  At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently.  Therefore, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

JOINT STATUS REPORT AND
DISCOVERY PLAN 3:26-cv-05055-TMC

2

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint.

**2. Proposed deadline for the joining of additional parties.**

August 13, 2026.

**3. Consent to a Magistrate.**

No.

**4. Discovery Plan**

A. Initial disclosures: by this Court's Order, are due May 20, 2026. (Dkt. 15).

B. Subjects, timing, and potential phasing of discovery: Discovery will take place by written requests and deposition testimony on the issues and damages raised in the complaint, Defendant's answer, and may seek information electronically stored in each other's computers/computer systems.  The parties do not anticipate the need to phase discovery.

The parties agree to work collaboratively on any discovery issues to promote the expeditious and inexpensive resolution of the case, including scheduling discovery or case management conferences with the Court as necessary and presenting discovery disputes to the Court by informal means and consistent with Section VIII of the Court's Standing Order for All Civil Cases.

C. Electronically stored information:

JOINT STATUS REPORT AND
DISCOVERY PLAN 3:26-cv-05055-TMC

3

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Plaintiff's Proposed Language: The parties do believe that this case entails electronic discovery, and are amenable to producing any electronically stored information in hard copy or PDF format as an initial matter.  Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary, and if an Agreement is warranted, to use the Western District of Washington's Model ESI Agreement with as few revisions to the Model as practicable.

D. Privilege issues: The parties intend to cooperate to resolve any issues related to privileged information, and work cooperatively to seek a protective order, using the Western District of Washington Model Protective Order with as few revisions as practicable.  For Defendant, this may include (but is not limited to) discoverable but confidential, proprietary and/or private information that Plaintiffs may request.

E. Proposed limitations on discovery: Parties agree to the discovery limitations set forth in the Federal Rules of Civil Procedure (FRCPs) and the Court's Local Civil Rules (LCRs).

F. The need for any discovery-related orders: The parties intend to cooperate to resolve any issues related to privileged information, and use the Model Stipulated Protective order with as few revisions to the Model as practicable.

5. The parties' views, proposals and agreements as to:

A. Prompt case resolution – none known at this time.

JOINT STATUS REPORT AND                     4              Baxter & Baxter, LLP
DISCOVERY PLAN 3:26-cv-05055-TMC                          8835 SW Canyon Lane, Suite 130
                                                         Portland, OR 97225
                                                         (503) 297-9031 (Telephone)
                                                         (503) 291-9031 (Facsimile)

B. Alternative dispute resolution – Plaintiff does not consent to the programs provided for under LCR 39.1.  Defendant Experian consents to the programs provided for under LCR 39.1.

C. Related cases – None.

D. Discovery management – the parties agree to conduct all depositions via password-protected Zoom videoconference, and permit the court reporter to swear in the witness remotely via videoconference; and generally anticipate being able to manage discovery on their own.

E. Anticipated discovery sought:

Plaintiff's Statement: Plaintiff will seek discovery to establish Defendants' procedures related to credit reporting and compliance with state and federal law, including written discovery and depositions. Plaintiffs will further seek discover relevant to the parties' claims and defenses raised in the pleadings.

Defendant Experian's Statement: At this time, Experian intends to seek discovery on Plaintiff's communications with Experian and/or the account furnisher(s) regarding the disputed account(s); written agreements and payment history for the disputed account(s); any credit reports obtained by Plaintiff; Plaintiff's alleged damages; Experian's alleged liability for such damages; and any discovery necessitated by pleadings and other discovery.

F. Phasing motions – the parties do not anticipate the need to phase motions.  The parties suggest a dispositive motion filing deadline of Friday, March 5, 2026.

JOINT STATUS REPORT AND
DISCOVERY PLAN 3:26-cv-05055-TMC

5

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

G.  Preservation of discoverable information – the parties agree to take every reasonable measure to preserve all discoverable information consistent with the FRCPs and the LCRs.

H.  Privilege issues – none known at this time, but the parties will confer in good faith on a form of any protective order to present to the court.  See also Paragraph 4.d. above.

I.  Model Protocol for Discovery of ESI – The parties agree to produce electronically stored information in hard copy or PDF format as an initial matter.  Once the parties have had the opportunity to review such documents, the parties agree to confer regarding any additional exchange or production that the parties believe is necessary, and if an Agreement is warranted, to use the Western District of Washington's Model ESI Agreement with as few revisions to the Model as practicable.

J.  Alternatives to Model Protocol – none suggested at this time.

6.  The parties believe discovery can be completed by Friday, February 5, 2027.

7.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way: Plaintiffs have no suggestion at this time.  At this time, Defendant does not believe that the case should be bifurcated.

8.  Any other suggestions for shortening or simplifying the case: none at this time.

9.  The date the case will be ready for trial: June 7, 2027.

10. Trial – Plaintiffs seek a jury trial. (Dkt. 0).

11. Number of trial days required: the parties request three days.

JOINT STATUS REPORT AND                           6              Baxter & Baxter, LLP
DISCOVERY PLAN 3:26-cv-05055-TMC                          8835 SW Canyon Lane, Suite 130
                                                                  Portland, OR 97225
                                                              (503) 297-9031 (Telephone)
                                                              (503) 291-9031 (Facsimile)

12. The names, addresses and telephone numbers of all trial counsel: trial counsel include all attorneys who have appeared on behalf of the parties thus far.

13. The dates on which the trial counsel may have complications to be considered in setting a trial date: none known at this time, but the parties will cooperate regarding any scheduling conflicts that may arise.

14. All defendants have been served.

15. The parties do not request a scheduling conference before the Court enters a scheduling order in the case.

16. The date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1:  Defendant, Experian Information Solutions, Inc., filed its corporate disclosure statement on February 17, 2026 and Defendant, Equifax Information Services LLC filed its corporate disclosure statement on February 13, 2026.

Dated this 26th day of May, 2026.

s/ Kirsten N. Baxter
Kirsten N. Baxter, WSBA ID 43929
kirsten@baxterlaw.com
Baxter & Baxter LLP
8835 SW Canyon Ln Ste 130
Portland, Oregon 97225
Phone (503) 297-9031

s/ Jon P. Dubbeld
Jon P. Dubbeld, Pro Hac Vice
jdubbeld@swift-law.com
Swift Law PLLC
11300 4th Street N, Ste. 260
St. Petersburg, FL 33716
Phone (727) 490-9919

JOINT STATUS REPORT AND
DISCOVERY PLAN 3:26-cv-05055-TMC

7

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

*Attorneys for Plaintiff*

s/ Alissa N. Harris
Alissa N. Harris, WSBA No. 59368
Sara J. Wadsworth, WSBA No. 55952
Ali.harris@stoel.com
Sara.wadsworth@steol.com
STEOL RIVES LLP
600University Street, Ste. 3600
Seattle, WA 98101
Phone (206) 624-0900

s/ *Nick Marasco*
Nick Marasco, Pro Hac Vice
nmarasco@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Phone (216) 586-1448

*Attorney for Defendant, Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington that on the 26th day of May, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered ECF participants in this case.

s/ Kirsten N. Baxter
Kirsten N. Baxter, WSBA ID 43929

JOINT STATUS REPORT AND
DISCOVERY PLAN 3:26-cv-05055-TMC

8

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)